UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IRVIN SOREY, Jr.,

    Plaintiff,

v.                                                              Civil No. 2:19cv250

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

## FINAL ORDER

Plaintiff Irvin Sorey Jr. ("Plaintiff") filed a Complaint, ECF No. 1, pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Defendant Andrew Saul, the Commissioner of the Social Security Administration, ("Commissioner") that denied Plaintiff's claim for Disability Insurance Benefits under the Social Security Act ("SSA"). Plaintiff filed a Motion for Summary Judgment, ECF No. 11, Defendant filed a Cross-Motion for Summary Judgment, ECF No. 14, and the action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(l)(B)-(C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges.

The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment, ECF No. 11, be **GRANTED IN PART**, that the Commissioner's Motion for Summary Judgment, ECF No. 15, be **DENIED**, and that the final decision of the

Commissioner be **VACATED** and **REMANDED** for proceedings and analysis consistent with the Magistrate Judge's Report and Recommendation ("R&R"). ECF No. 19.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Defendant's objections to the Magistrate Judge's R&R, ECF No. 20, and has considered the objections carefully.

I. LEGAL STANDARDS

When considering a party's objections to the findings and recommendations of the Magistrate Judge, this Court "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final de novo determination . . . by a district judge . . . ."). Under de novo review, the Magistrate Judge's R&R carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, or may recommit the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."); *Halloway v. Bashara*, 176 F.R.D. 207, 209–10 (E.D. Va. 1997). When conducting this de novo determination, this Court must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made in accordance with the SSA must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted).

In reviewing for substantial evidence, this Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id*. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

II.  ANALYSIS

The R&R of the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be granted in part. Following this Court's de novo review of the R&R, and of the objections filed thereto, and finding no error, the Court ADOPTS the findings and recommendations set forth in the R&R of the United States Magistrate Judge. A brief summary of the issues presented and the de novo review that was undertaken follows.

Defendant first contends that the R&R, which remands this matter for further proceedings, erred in its analysis of the sufficiency of the evaluation undertaken by the Administrative Law Judge ("ALJ") regarding Plaintiff's cervical spine impairment. Defendant contends that the R&R erred in failing to conclude that the

3

ALJ properly analyzed whether Plaintiff's neck impairments met the applicable durational requirement. ECF 20, at 5.

This Court's de novo review results in the determination that the R&R correctly reasoned that "although the ALJ found and considered Plaintiffs alleged disability could not be expected to last twelve months from the date of his surgery," the ALJ failed to consider "whether the Plaintiff's alleged disability could have covered a time period that began in 2018" before Plaintiff's October 2018 surgery and "could be expected to last for a period of time following the surgery for a total of twelve months." ECF 19, at 9—10. The ALJ's finding insufficiently addressed the durational requirement for disability.

Defendant also contends that the R&R erred in mistakenly confusing what satisfies the durational requirement for disability. Defendant contends that the Magistrate Judge—not the ALJ—who was unclear about the 12-month duration analysis and its connection to the date of surgery. The R&R accurately emphasizes the ambiguity arising from this issue as a result of the ALJ's ruling, and properly remands this action for further proceedings.

This Court has undertaken a de novo review of these objections and all other arguments presented in Defendant's objections, and a de novo review of the R&R and the Parties' submissions. The R&R relied upon the proper standards for its evaluation of the ALJ's findings and properly considered the ALJ's application of legal standards.

III.   CONCLUSION

For these reasons, the thorough analysis presented in the R&R, and in accordance with its conclusions, after reviewing the record and Defendant's objections

4

de novo, this Court **ADOPTS** and **APPROVES** in full the findings and recommendations set forth in the R&R. ECF No. 19. It is **ORDERED** that Mr. Sorey's Motion for Summary Judgment, ECF No. 11, is **GRANTED IN PART**, the Commissioner's Motion for Summary Judgment, ECF No. 15, is **DENIED**, and that the final decision of the Commissioner is **VACATED** and **REMANDED** for proceedings and analysis consistent with the Magistrate Judge's Report and Recommendation (ECF No. 19).

The parties are **ADVISED** that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order. The Clerk is **REQUESTED** to please forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 30, 2020
Norfolk, Virginia